UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES DANIEL MAYE,

    Petitioner,

-vs-                                                  Case No.  8:04-CR-321-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This matter comes before the Court upon Petitioner's Notice of Appeal (Dkt. 226) of the February 17, 2011 decision denying Petitioner's Motion to Vacate Judgment of Conviction (Dkt. 223).  The Court construes the Notice of Appeal as an application for issuance of a certificate of appealability pursuant to 28 U.S.C. §2253[1] (Dkt. 231), see *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise.  See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle*

---

[1] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

*v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the motion to vacate the judgment is essentially a second or successive motion pursuant to 28 U.S.C. § 2255, and Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this second § 2255 motion, this Court was without jurisdiction to consider his successive motion. *Farris v. U.S.*, 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").  Thus, Petitioner has failed to satisfy the second prong of the *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that Petitioner's construed application for a certificate of appealability (Dkt. 231) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 13, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
          Counsel of Record