CIVIL NO. _____
RELATED CRIMINAL NUMBER 8:04-CR-321-T-30EAJ

IN THE
# United States District Court
# Middle District of Florida
# Tampa Division

_____

*IN RE* **CHARLES DANIEL MAYE**,
                                    *Petitioner*

_____

**PETITION FOR WRIT OF ERROR *CORAM NOBIS***

_____

KENT & MCFARLAND
WILLIAM MALLORY KENT
Florida Bar No. 0260738
24 North Market Street, Suite 300
Jacksonville, Florida 32202
904-398-8000
904-348-3124 FAX
kent@williamkent.com Email
          *Counsel for Petitioner*

## TABLE OF CONTENTS

**Page**

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF COURSE OF THE PROCEEDINGS AND DISPOSITION OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    MAYE IS ENTITLED TO A WRIT OF ERROR *CORAM NOBIS* . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

Page

**Cases**

*Alikhani v. United States*, 200 F.3d 732,734 (11th Cir. 2000) . . . . . . . . . . . . . . . . . 7

*Sibron v. New York*, 392 U.S. 40, 51 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Spencer v. Kenma*, 523 U.S. 1,12 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Cotton*, 535 U.S. 625, 630 (2002) . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Mayer*, 235 U.S. 55, 69 (1914) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Morgan*, 346 U.S. 502, 507, 74 S. Ct. 247 (1954) . . . . . . . . . . . 1, 7

*United States v. Morgan*, 346 U.S. 502, 512-13, 74 S. Ct. 247, 98 L. Ed. 248 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Nosal*, 676 F.3d 854, 863-64 (9th Cir. 2012)(*en banc*). . . . . . . . . 8

*United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) . . . . . . . . . . . . . . . . 6, 7

*United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997) . . . . . . . . . . . . . . . 6

*United States v. Tomeny*, 144 F.3d 749, 751 (11th Cir. 1998) . . . . . . . . . . . . . . . . 6

*United States v. Valle*, 807 F.3d 508, 527-28 (2d Cir. 2015) . . . . . . . . . . . . . . . . 8

*United States v. Van Buren*, 2021 U.S. App. LEXIS 23028, 29 Fla. L. Weekly Fed. C 171, 2021 WL 3377970 (11th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Van Buren*, 940 F.3d 1192, 1207–08 (11th Cir. 2019) . . . . . . . . . 5

*Van Buren v. United States*, 140 S. Ct. 2667 (2020) . . . . . . . . . . . . . . . . . . . . . . . 4

*Van Buren v. United States*, 141 S.Ct. 1648 (2021) . . . . . . . . . . . . . . . . . 4, 6, 8, 9

*Wall v. Kholi*, 131 S. Ct. 1278, 1284-85, 1288-89, 179 L. Ed. 2d 252 (2011) . . . . 7

*WEC Carolina Energy Sols. LLC v. Miller*, 687 F.3d 199, 205-07 (4th Cir. 2012)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

18 U.S.C. § 1030(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 8

28 U.S. C. § 1391(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IN THE
# United States District Court
# Middle District of Florida
# Tampa Division

---

*IN RE* CHARLES DANIEL MAYE,
*Petitioner*

---

**PETITION FOR WRIT OF ERROR *CORAM NOBIS***

The petitioner, CHARLES DANIEL MAYE (sometimes hereinafter referred to as Petitioner, Defendant, or "Maye"), respectfully prays that a writ of error *coram nobis* issue to vacate his conviction in the case of *United States v. Charles Daniel Maye,* United States District Court for the Middle District of Florida, Tampa Division, Case Number 8:04-cr-321.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1651(a). See *United States v. Morgan*, 346 U.S. 502, 507, 74 S. Ct. 247 (1954). Venue is properly laid in the United States District Court, Middle District of Florida, under 28 U.S. Code § 1391(e)(1), because Maye was convicted in this Court.

# INTRODUCTION

## STATEMENT OF COURSE OF THE PROCEEDINGS AND DISPOSITION OF THE CASE

Charles Daniel Maye ("Maye" or Petitioner) was charged, tried and convicted on a superseding indictment (Doc. 6) filed December 6, 2004 in federal district court for the Middle District of Florida in Case Number 8:04-CR-321-T-30EAJ. Count one charged conspiracy from April 1996 through April 2004 to:

> intentionally access a computer without authorization and in excess of authorization and thereby obtain information from any department or agency of the United States, for the purpose of private financial gain and in furtherance of criminal and tortious acts in violation of the Constitution and laws of the United States and the State of Florida, that is, extortion. . .

Count two charged that Maye on July 30, 1999:

> did intentionally access the NCIC computer database without authorization and in excess of authorization, and did thereby obtain information from a department and agency of the United States, for the purpose of private financial gain and in furtherance of criminal and tortious acts in violation of the Constitution and laws of the United States and the State of Florida. All in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and 1030(c)(2)(B)(i) and (ii).

Maye was not charged in count three. Count four charged that Maye on August 11, 2003:

> did intentionally access the NCIC computer database without authorization and in excess of authorization, and did thereby obtain information from a department and agency of the United States, for the

purpose of private financial gain and in furtherance of criminal and tortious acts in violation of the Constitution and laws of the United States and the State of Florida. All In violation of Title 18, United States Code, Sections 1030(a)(2)(B) and 1030(c)(2)(B)(i) and (ii).

Count five charged that Maye on April 30, 2004:

[I]n a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the executive branch of the Government of the United States, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations, during an interview with a Special Agent of the Federal Bureau of Investigation in connection with a criminal investigation, that is, he stated:

[among other matters] [LEROY] COLLINS never asked him to find out any intelligence and that he told COLLINS he wouldn't [and] he accessed information regarding Veronica Smith in the NCIC database in an attempt to locate Veronica Smith's current address and whereabouts for COLLINS, and not to see if Veronica Smith was wanted

[when he] well knew: [LEROY] COLLINS requested MAYE on numerous occasions to obtain information or "intelligence" contained within the NCIC and FCIC databases, and he, in fact, obtained and provided that information to COLLINS;

(Doc. 6)

Maye was a Deputy Sheriff with the Hillsborough County Sheriff's Office at the time of the alleged offenses and used the computer terminal in his patrol car to obtain the lawful information at issue. There was no dispute that he had the right to access such information as a deputy sheriff. The Government's theory of the case was that he did so in violation of the policy of the sheriff's office with respect to the

3

authorized use of such data and that by violating the policy of the sheriff's office he had violated the "exceeds authorized access" provision of the Computer Fraud and Abuse Act (the "CFAA"). Maye was tried by jury, convicted, sentenced to 96 months imprisonment, 36 months supervised release, and a $15,000 fine. Maye has served his sentence and paid his fine.

Maye has filed various post-conviction challenges to his conviction, all of which have been denied. Maye then filed pursuant to 28 U.S.C. § 1651(a) the petition for writ of error *coram nobis* under appeal in this case, which was summarily denied by this Court. He argued in that prior petition that the Eleventh Circuit's panel decision in *United States v. Rodriguez*, 628 F.3d 1258 (11th Cir. 2010), was wrongly decided and urged this Court to follow the *en banc* decision of the Ninth Circuit in *United States v. Nosal*, 676 F.3d 854, 863-64 (9th Cir. 2012)(*en banc*).

Understandably, this Court declined to do so, however; in the interim the United States Supreme Court granted certiorari in *Van Buren v. United States*, 140 S. Ct. 2667 (2020), and reversed in *Van Buren v. United States*, 141 S.Ct. 1648 (2021), which decision adopted the position taken by Maye in his prior petition to this Court.

On remand to the Eleventh Circuit, the Court of Appeals explained *Van Buren* as follows:

> When this case came to us initially, our circuit precedent required that we affirm Van Buren's conviction for computer fraud under 18 U.S.C. § 1030 because he misused a database for an inappropriate nonbusiness reason, even though he was otherwise authorized to use and could lawfully access the database. *See United States v. Van Buren*, 940 F.3d 1192, 1207–08 (11th Cir. 2019) (citing *United States v. Rodriguez*, 628 F.3d 1258, 1263 (11th Cir. 2010)). On June 3, 2021, the United States Supreme Court reversed our decision, holding that 18 U.S.C. § 1030 applies when a person "accesses a computer with authorization but then obtains information located in particular areas of that computer—such as files, folders, or databases—that are off limits to him." *Van Buren v. United States*, 593 U.S. __, 141 S. Ct. 1648, 1652, 1662 (2021). "It does not cover those who, like Van Buren, have improper motives for obtaining information that is otherwise available to them." *Id*. at 1652. For the reasons stated in the Supreme Court's decision, we vacate Van Buren's conviction for computer fraud under 18 U.S.C. § 1030 and remand this case to the district court for further proceedings consistent with the Supreme Court's decision.

*United States v. Van Buren*, 2021 U.S. App. LEXIS 23028, 29 Fla. L. Weekly Fed. C 171, 2021 WL 3377970 (11th Cir. 2021).

## ARGUMENT

### MAYE IS ENTITLED TO A WRIT OF ERROR *CORAM NOBIS*

### A WRIT OF ERROR *CORAM NOBIS* SHOULD ISSUE TO VACATE THE CONVICTIONS WHICH WERE BASED ON CONDUCT THAT IS NOT A CRIME UNDER THE CHARGED STATUTE AND FAILS TO PROVE A LEGITIMATE OFFENSE AGAINST THE UNITED STATES

A conviction based on allegations that do not state a legitimate offense or for conduct that is not a crime under the statute charged must be vacated when challenged by way of a petition for writ of error *coram nobis*. *See United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002); *United States v. Tomeny*, 144 F.3d 749, 751 (11th Cir. 1998). As a result of the decision in *Van Buren*, which held that the CFAA does not cover conduct such as Maye's, Maye is entitled to retroactive relief. Because "a writ of error *coram nobis* must issue to correct the judgment that the court never had the power to enter," *Peter*, 310 F.3d at 716, Maye requests this Court issue such a writ and vacate his 2006 CFAA and false claims convictions.

The writ of error *coram nobis* is an extraordinary writ designed to correct fundamental injustices. *Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000) (citing *United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997)). To that end, the writ has been "allowed without limitation of time for facts that affect the 'validity and regularity'

6

of the judgment."[1] *United States v. Morgan*, 346 U.S. 502, 507 (1954).

Through the writ of error *coram nobis*, "the law recognizes that there must be a vehicle to correct errors 'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" *Peter*, 310 F.3d at 712 (citing *Morgan*, 346 U.S. at 509 n. 15 (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *Mills*, 221 F.3d at 1204. One such fundamental error is an absence of jurisdiction. *Peter*, 310 F.3d at 712; *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (rejecting defendant's arguments that his statutory claims are jurisdictional but noting that "[a] genuine claim that the district court lacked jurisdiction to adjudicate the petitioner guilty may well be a proper ground for *coram nobis* relief as a matter of law."); *Tomeny*, 144 F.3d at 751) (holding statutory argument that Congress has preempted conduct in another statute to be a jurisdictional claim). A

---

[1] Although Maye has completed his sentence, there is a "presumption of significant collateral consequences arising from a criminal conviction." *Spencer v. Kenma*, 523 U.S. 1, 12 (1998)(citing *Sibron v. New York*, 392 U.S. 40, 51 (1968)). Maye's conviction resulted in the loss of Maye's State retirement benefits, a $15,000 fine and the continuing stigma of a felony conviction. A petition for a writ of error *coram nobis* is a collateral attack on a conviction. *Wall v. Kholi*, 131 S. Ct. 1278, 1284-85, 1288-89, 179 L. Ed. 2d 252 (2011). Unlike a petition for the issuance of a writ of habeas corpus under 28 U.S.C. § 2254 or a motion attacking a sentence pursuant to 28 U.S.C. § 2255, a *coram nobis* petition is available even though a petitioner is no longer in custody under the conviction which petitioner seeks to challenge. See *United States v. Morgan*, 346 U.S. 502, 512-13, 74 S. Ct. 247, 98 L. Ed. 248 (1954) (finding *coram nobis* relief available "[a]lthough the term has been served" with respect to the challenged conviction).

jurisdictional defect implicates "the court's statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

\*\*\*

The CFAA defines "exceeds authorized access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). Maye argued and the Supreme Court in *Van Buren* has agreed that this language has its plain meaning and refers to someone who accesses information beyond that which he is authorized to access. This was the view adopted by three Courts of Appeal before *Van Buren*: *United States v. Nosal*, 676 F.3d 854, 863-64 (9th Cir. 2012) (*en banc*), *WEC Carolina Energy Sols. LLC v. Miller*, 687 F.3d 199, 205-07 (4th Cir. 2012), and *United States v. Valle*, 807 F.3d 508, 527-28 (2d Cir. 2015).

The Government in Maye's case and the Eleventh Circuit in *Rodriguez* interpreted the CFAA broadly to cover violations of computer use restrictions or violations of a duty of loyalty; that is, a computer user authorized to access particular information uses that information in violation of company or agency policy. See *United States v. Rodriguez*, 628 F.3d 1258 (11th Cir. 2010); see also *United States v. John*, 597 F.3d 263 (5th Cir. 2010) and *Int'l Airport Ctrs., LLC v. Citrin*, 440 F.3d 418 (7th Cir. 2006). It was on this basis that Maye was convicted. It is for this reason

8

that Maye's CFAA convictions now must be vacated in light of *Van Buren*.

His false statement conviction also must be vacated. The only alleged false statements were those made to the FBI in the course of its investigation of the CFAA case, an investigation predicated on the mistaken application of the statute, that is, the FBI predicated its jurisdiction to investigate and its questions of Maye on an interpretation of the CFAA which in *Van Buren* has been invalidated. Specifically, what the FBI was investigating simply was not a crime. Although in general the Government has no obligation to identify the particular federal statute which supports an investigation, here there is no dispute that the only statute at issue was the CFAA, and *Van Buren* held that what the FBI was investigating under the CFAA was not a criminal offense. Therefore we know the FBI lacked jurisdiction to conduct the questioning it conducted of Maye. An essential element of a false statement charge is that the false statement be in response to questions concerning a matter within the jurisdiction of the questioning agency. Because the FBI lacked the jurisdiction for the investigation it conducted, an essential element of the offense, the false statement conviction also must be vacated. Additionally, the statements were not material to a CFAA violation as the CFAA must be applied under *Van Buren*. This too is an essential element, now missing, from the false statement conviction. Finally, the false statement conviction was obtained as a result of spill-over prejudice from the

wrongful convictions of the CFAA counts.

## CONCLUSION

Petitioner CHARLES DANIEL MAYE respectfully requests this Honorable Court grant his petition for a writ of error *coram nobis*. The judgment and convictions should be set aside and vacated pursuant to the writ of error *coram nobis* because the government did not allege nor prove a legitimate offense against the United States.

>
> Respectfully submitted,
>
> THE LAW OFFICE OF
> WILLIAM MALLORY KENT
>
>   s/ William Mallory Kent
> William Mallory Kent
> Florida Bar No. 0260738
> 24 North Market Street, Suite 300
> Jacksonville, Florida 32202
> 904-398-8000
> 904-348-3124 FAX
> 904-662-4419 Cell Phone
> kent@williamkent.com Email
> Counsel for Petitioner Maye

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic to all counsel of record.

s/William Mallory Kent
William Mallory Kent
